227 A.2d 116.

BURTON W. MOON *vs*. ALFRED T. COLE.

MARCH 8, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This criminal complaint charges the defendant with operating and maintaining an automobile junkyard in the town of North Kingstown in violation of

the provisions of G. L. 1956, §5-21-5, as amended. The complaint also alleges that on the date of the passage of P. L. 1965, chap. 138, the defendant did not have a valid license issued pursuant to G. L. 1956, §§5-21-1, as amended, and 31-5-28, as amended.

The complaint has been certified to this court by the district court of the second judicial district in accordance with the provisions of G. L. 1956, §9-24-27, as amended. The certification calls for the determination of certain questions relating to the constitutionality of P. L. 1965, chap. 138, which were brought in question upon the record by defendant's special pleas to this complaint.

Chapter 138, approved May 19, 1965, is an act in amendment of G. L. 1956, chap. 21 of title 5, entitled "Secondhand Dealers." It was enacted to regulate automobile junkyards in the various cities and towns by authorizing local legislative bodies to enact ordinances for the issuance and revocation of licenses to persons conducting such businesses. The questions certified do not specify which section or sections of chap. 138 are claimed to be unconstitutional. In the circumstances the questions are too indefinite. *Carroll* v. *Chrupcala,* 53 R. I. 11.

Moreover, although the parties filed a stipulation agreeing to certain facts, it now appears that the questions certified were brought upon the record by the defendant's mistaken belief that the town had no junkyard ordinance. He stated before us in open court that he had no knowledge of the existence of such ordinance until the hearing in this court at which the complainant's counsel represented to the court that such an ordinance was in force. It may very well be that the existence of the local junkyard ordinance would be decisive in determining the ultimate constitutional problem.

For the reasons stated, we do not determine the questions certified to us. The papers in the case with our decision

certified thereon are ordered sent back to the district court of the scond judicial district for further proceedings.

*S. Everett Wilkins,* for complainant.

*John P. Bourcier,* for respondent.